Dole v. Wilson.

## WILLIAM P. DOLE,

*vs.*

## JOSEPH P. WILSON.

Courts will take judicial notice of public laws and treaties, and of the authority conferred by them upon the President of the United States, but not of the fact that authority conferred upon him to do an act affecting but a small number of persons, and those not citizens of the United States has been exercised.

A complaint which alleges the sale of certain pieces of Chippewa land scrip, of a value stated, as a consideration for a promise to pay a certain sum of money, when the source or origin of the scrip does not in any manner appear, states a sufficient consideration for the promise.

Appeal from an order of the district court for Ramsey county, overruling a general demurrer to the complaint.

The allegations of the complaint are sufficiently stated in the opinion of the court.

MASTERSON & SIMONS for Appellant.

JOHN B. SANBORN and LAMPREYS for Respondent.

*By the Court*—McMILLAN, J.—This is an appeal by the defendant from an order of the district court for Ramsey county, made *pro forma*, overruling a demurrer to the complaint.

The complaint alleges, that on or about the 8th day of April, A. D. 1867, the defendant entered into, made and

executed mutually with the plaintiff a certain agreement and contract which is set out *in hæc verba*, in the complaint. The agreement so far as it is necessary to set it out here is as follows:

"This agreement, made and concluded this eighth day of April, A. D. 1867, by and between William P. Dole of the first part, and J. P. Wilson of the second part, witnesseth: That the said party of the first part does hereby sell, and at the execution of these presents does deliver to the party of the second part 28 pieces of Chippewa land scrip, of 80 acres each, being 2240 acres at the rate of three dollars per acre; in consideration of which sale and delivery, the said party of the second part does hereby agree to pay for said scrip the full sum of six thousand seven hundred and twenty dollars, on or before the eighth day of October, A. D. 1868.

"The party of the second part further agrees that the said sum of money, to-wit $6,720, shall be paid previous to the 8th day of October, 1868, out of certain moneys that may be collected from the United States," particularly specified in the agreement; and if such money should not be collected as provided therein, the agreement proceeds, "then and in that case the party of the second part shall well and truly pay, or cause to be paid to the said party of the first part the full sum of $6,720 as hereinbefore provided.

In witness whereof we have hereunto set our hands and seals, April 8th, 1867.

Signed,     J. P. WILSON. [SEAL.]<br>W. P. DOLE. [SEAL.]"

The complaint further alleges, that the plaintiff "under and by virtue of said agreement and contract, did then and there, to-wit, on the eighth day of April, A. D. 1867, sell and deliver to the said defendant twenty-eight pieces of Chip-

pewa half breed scrip, representing and amounting in the aggregate to two thousand two hundred and forty acres of land, which was worth and of the value of three dollars per acre, in consideration whereof, the defendant did then and there promise to pay him, on or before the eighth day of October, A. D. 1868, six thousand seven hundred and twenty dollars."

The complaint alleges in due form a breach of the agreement by the party of the second part, the defendant, and demands judgment. The defendant demurred to the complaint, specifying as the ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action.

The only question before us is whether the complaint states a cause of action.

The specific objections to the complaint relied on by the defendant's counsel are, that it appears upon the face of the complaint " that there was not a lawful consideration for the promise which is the alleged cause of action; and because the transaction set up is against public policy—in fraud of the law—and the agreement of the parties relating thereto void."

The consideration for the promise is the sale of the scrip to the defendant.

The complaint designates this scrip as " Chippewa land scrip," and " Chippewa half-breed scrip." The existence in fact of this scrip is distinctly recognized in the agreement, and substantially alleged in the complaint, and the complaint distinctly alleges as a fact that it represented and amounted in the aggregate to 2,240 acres of land, and was worth and of the value of three dollars per acre.

The complaint, therefore, alleges in fact a valuable consideration for the promise, and if we are to look only to the

allegations of fact in the complaint, it certainly states a good consideration for the promise.

But it is claimed by the defendant, that these allegations, under the general laws of the United States, or of this State, can mean nothing; that whatever meaning and effect they may have, must grow out of the treaty with the Chippewa Indians, concluded at La Pointe, September 30th, 1854, under the 7th clause of the 2d article of that treaty, which is as follows: "Each head of a family or single person over twenty-one years of age at the present time of the mixed bloods, belonging to the Chippewas of Lake Superior, shall be entitled to eighty acres of land, to be selected by them under the direction of the President, and which shall be secured to them by patent in the usual form." 10 *U. S. Stat. at L. p.* 1109, *&c.* We are not aware that any legislation by Congress has been had under this section, or otherwise, in any manner prescribing the mode of selecting these lands, or in any way carrying out the provisions of this section of the treaty, and it is conceded at bar by both counsel that there is none.

No express provision is made, then, by this treaty, or by any act of Congress, for issuing scrip of the kind described in this agreement and complaint.

Conceding, for the purposes of this case, that by the clause of the treaty referred to, the President has authority, in directing the mode of selecting the land under this treaty, to direct and authorize scrip of this character to be issued; the exercise of this authority is not an act of that nature which will require courts to take judicial notice thereof; it affects but a small number of persons, and those, persons who are not citizens of the United States.

While courts will take judicial notice of the right of the persons named in the clause of the treaty mentioned to

Dole v. Wilson.

select eighty acres of land, they will not take such notice that the selection has been made by such persons; courts will take judicial notice of the authority conferred by treaty upon the President, but not of the fact that the authority has been exercised in a case of this kind.

The fact that the scrip in question was issued under this treaty is not pleaded; the complaint alleges nothing as to its source or origin, but merely the fact of its existence and value; and this in the present state of the pleadings is all we can judicially know of it.

Therefore the questions sought to be raised, as they are based upon the fact that this scrip was issued under the provisions of the treaty, can not now be considered.

We think the complaint on its face alleges a sufficient cause of action.

We need not consider the fact that the instrument is under seal, and the effect of that circumstance upon the question of consideration for the agreement.

The order overruling the demurrer is affirmed.